**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Anthony Primus, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-000727

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-230
Submitted May 1, 2022 – Filed June 1, 2022

———————

**AFFIRMED**

———————

James Anthony Primus, pro se.

Imani Diane Byas, of South Carolina Department of
Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** James Anthony Primus appeals the Administrative Law Court (ALC's) order dismissing his appeal as moot. On appeal to this court, Primus argues the ALC improperly dismissed his appeal as moot because a miscalculation of time-served credit in his possession of crack cocaine sentence affected the start date of his sentences for his remaining convictions. Because Primus did not make this specific argument to the ALC, we affirm pursuant to Rule 220(b), SCACR,

and the following authorities: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.